UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ABEBE MEKONNEN | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *  Civil Action No. 14-12389-IT |
| | * |
| ABM PARKING SERVICES, INC. | * |
| | * |
| Defendant. | * |

MEMORANDUM AND ORDER

October 10, 2014

TALWANI, D.J.

A.  Introduction

Plaintiff Abebe Mekonnen filed the instant action against her former employer, Defendant ABM Parking Services, Inc., alleging a hostile work environment, retaliation, and discrimination based on sex, religion, and national origin. In Defendant's Motion to Dismiss [#7], Defendant seeks dismissal of the entire complaint with prejudice. For the following reasons, the complaint is dismissed with leave to amend.

B.  Alleged Facts[1]

Plaintiff alleges that she worked for Defendant as a parking attendant and cashier. In this capacity, she was assigned to work at the Oak Grove Parking facility where her supervisor, Ayalew Aklog, like Ms. Mekonnen, was of Ethiopian origin. Ms. Mekonnen also worked at Defendant's other parking facilities, including the Wellington station, where her supervisor, Dan

---

[1] For purposes of a motion to dismiss, the court accepts as true the factual allegations that Plaintiff pleaded in her complaint. Shaner v. Chase Bank USA, 587 F.3d 488, 490 (1st Cir. 2009).

Nun, was a Sudanese national.

Plaintiff claims that at the Wellington station, her co-worker, Maahgoun Abdelmohsen, is of Sudanese origin. Ms. Mekonnen did not get along with Mr. Abdelmohsen because he repeatedly asked her to punch in his time card when arriving late to work, which she would refuse to do. As a result, Mr. Abdelmohsen repeatedly harassed Ms. Mekonnen, calling her "anti-Muslim" and telling her that she has poor English language and "should not be here to serve customers." Plaintiff reported these incidents to the Sullivan and Oak Grove parking lot supervisors, but no action was taken. When Ms. Mekonnen told Mr. Abdelmohsen that he should stop harassing her, Mr. Abdelmohsen told her that he would tell Muhammad Kahn, the General Manager, to fire her. Plaintiff contends that Mr. Kahn knew that Mr. Abdelmohsen had wanted Ms. Mekonnen to punch in his time card, but Mr. Kahn took no action because both he and Mr. Abdelmohsen are Muslim.

Plaintiff states further that at the Oak Grove station there is no automatic gate and customers are not prompted to pull a ticket upon entering the parking lot. When the parking attendant was not present, customers would enter the lot without a parking ticket. For this reason, her supervisor would check each car for a parking ticket and would place a reminder ticket to pay upon exit on the cars that did not display a ticket.

Plaintiff alleges that on Friday, June 3, 2011, Mr. Aklog conducted a routine audit of her cash register at Oak Grove and found no discrepancies. After finishing her morning shift at Oak Grove that day, Ms. Mekonnen went to work at the Wellington station. While at Wellington, Mr. Nun, the Wellington supervisor, told Ms. Mekonnen that Mr. Kahn had ordered him to audit the Wellington parking lot because it had been reported that five cars were found without proper parking tickets at the Oak Grove lot. Mr. Nun then audited the cash register and parking lot and

found no shortage or overage of money in the register, but found two cars in the lot that did not have tickets.

Plaintiff asserts that on Monday, June 6, 2011, Mr. Aklog called Ms. Mekonnen at her home to tell her that she should report to Mr. Khan that morning. Ms. Mekonnen then met with Mr. Khan and another office worker, Tilahun Tesfahun, who is of Ethiopian origin. Mr. Tesfahun was an employee who also harassed Ms. Mekonnen, and Ms. Mekonnen did not seek Mr. Tesfahun's aid despite Mr. Khan's allegation that she requested Mr. Tesfahun to serve as her interpreter.

Plaintiff alleges that in justifying and defending his termination of Plaintiff, Mr. Khan used four customer complaints, only one of which was shown to her. Two of the other complaints had been given to Mr. Kahn after Ms. Mekonnen's termination, and the incident from the final complaint was alleged to have occurred 41 days before her termination at a parking lot in which she had not worked on the day of the incident. Plaintiff claims that she was terminated for threatening to sue the company if she was "terminated on ground of falsehood." Compl., 6.

Plaintiff further states that after her termination, Defendant filled Ms. Mekonnen's position with a male employee named Boroboro Meheret, who is related to Mr. Tesfahun.

Based on these allegations, Plaintiff alleges the following five causes of action, all under Mass. Gen. Laws ch. 151B et. seq.: (1) hostile work environment, (2) religious discrimination, (3) national origin discrimination, (4) sex-based discrimination, and (5) retaliation.

C.  Discussion

   1.  *Standard*

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court presents the facts as they are related in Plaintiff's amended complaint, see <u>Trans-Spec</u>

Truck Serv., Inc. v. Caterpillar, Inc., 524 F.3d 315, 321 (1st Cir. 2008), and construes those facts in the light most favorable to Plaintiff, see Pettengill v. Curtis, 584 F. Supp. 2d 348, 362 (D. Mass. 2008) (quoting Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 96 (1st Cir. 2007)). Where, as here, a plaintiff proceeds pro se, that plaintiff "is entitled to liberal construction of her allegations, no matter how inartfully pled." Ashley v. New York State Office of Children and Family Servs., No. 13–30197–KPN, 2014 WL 3767382, at *1 (D. Mass. June 14, 2014) (quotation marks and citation omitted). To survive a motion to dismiss, a complaint must include factual allegations that, taken as true, demonstrate a plausible claim for relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–58 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). [2]

    2.    *Law*

The statute under which Plaintiff brings her claims—Mass. Gen. Laws ch. 151B—provides that it shall be unlawful:

> For an employer, by himself or his agent, because of the race, color, religious creed, national origin, sex, gender identity, sexual orientation, which shall not include persons whose sexual orientation involves minor children as the sex object, genetic information, or ancestry of any individual to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment, unless based upon a bona fide occupational qualification.

Id. § 4(1). In analyzing claims brought under this statute, "[t]he central focus of inquiry is

---

[2] To the extent that Plaintiff discusses prior proceedings before the Massachusetts Commission Against Discrimination or any other state agency, the court notes that the adequacy of such prior proceedings are not before it. Rather, Defendant's motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, i.e. whether Plaintiff has stated a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). Accordingly, in considering the sufficiency of the complaint, the court "may properly consider only facts and documents that are part of or incorporated into the complaint." Trans-Spec Truck Serv., Inc., 524 F.3d at 321.

4

whether the employer <u>penalizes</u> some employees or prospective employees <u>because</u> of their [membership in a protected class]." <u>Sch. Comm. of Braintree v. Mass. Comm'n Against Discrimination</u>, 386 N.E.2d 1251, 1253–54 (Mass. 1979) (emphasis added). "Membership in a protected class without more is insufficient . . . ." <u>Weber v. Cmty. Teamwork, Inc.</u>, 752 N.E.2d 700, 778 (Mass. 2001). Nor is "every unfair termination-however 'callous[]' . . . unlawful employment discrimination in violation of G.L. c. 151B." <u>Id.</u>

3.   *Analysis*

(a)   Hostile Work Environment

Mass. Gen. Laws ch. 151B, § 4(1) prohibits employment discrimination on the basis of an employee's membership in a protected class, and the discrimination prohibited by that statute "encompasses a work environment pervaded by abuse and harassment," <u>College-Town, Div. of Interco v. Mass. Comm'n Against Discrimination</u>, 508 N.E.2d 587, 162 (Mass. 1987). Here, Plaintiff alleges that she was subjected to a hostile work environment because her supervisors failed to stop Mr. Abdelmohsen's harassment of her. This claim, however, fails as an initial matter because she has not alleged that her harassment was based on her membership in a protected class. Rather, from the complaint, it appears that Mr. Abdelmohsen harassed Plaintiff because she refused to punch in his time card on the days that he arrived late to work. Despite Mr. Abdelmohsen's comments that Plaintiff was "anti-Muslim," and the bare fact that Mr. Abdelmohsen is Muslim, Plaintiff has not sufficiently alleged that Mr. Abdelmohsen's harassment was based upon Plaintiff's religion or membership in any other protected class rather than her refusal to punch in his time card. Thus, because Plaintiff does not allege facts suggesting that she was subjected to a hostile work environment because of her membership in a protected class, her claim must fail.

5

(b) Religious/National Origin Discrimination

Plaintiff does not sufficiently allege facts supporting claims for discrimination based on religion or national origin. In pleading her cause of action for discrimination based on national origin in Count 2 of the complaint, Plaintiff alleges no facts relevant to a national origin discrimination claim, but alleges that Mr. Abdelmohsen had not been disciplined by Mr. Kahn because both he and Mr. Kahn were Muslim. Even when considering Plaintiff's allegations in other sections of the complaint that she is Ethiopian and Mr. Abdelmohsen is Sudanese, Plaintiff does not plead facts suggesting any disparate treatment <u>based on</u> her national origin. Accordingly, Plaintiff does not plead a claim for national origin discrimination.

Likewise, Plaintiff's allegation in Count 2 does not sufficiently plead a claim for religious discrimination. Basing a claim on the general allegation that Mr. Abdelmohsen had not been disciplined by Mr. Kahn because both he and Mr. Kahn were Muslim, without more, does not "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests," <u>Conley v. Gibson</u>, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), never mind constitute an allegation that is "suggestive enough to render [the claim] plausible," <u>Twombly</u>, 550 U.S. at 556; <u>see also</u> <u>Iqbal</u>, 556 U.S. at 679 ("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" (citing Fed. R. Civ. P. 8(a)(2))). Even when considering Plaintiff's allegations that (1) Mr. Abdelmohsen had called her "anti-Muslim"; (2) when Plaintiff told Mr. Abdelmohsen to stop harassing her, Mr. Abdelmohsen told Plaintiff that he would tell Mr. Kahn to fire her; and (3) Mr. Kahn knew that Mr. Abdelmohsen was harassing Plaintiff, the court finds Plaintiff's religious discrimination claim insufficient.

First, noticeably absent from both Count 2 and the entire complaint is Plaintiff's religion.

6

Reading the complaint liberally, however, the court construes the complaint as alleging that Plaintiff is not Muslim.[3] Second, Plaintiff's allegation that Mr. Abdelmohsen called her "anti-Muslim" suggests only that Mr. Abdelmohsen may have viewed Ms. Mekonnen as harboring animus toward him on account of his religion. But even if this allegation could somehow be construed to suggest that Mr. Abdelmohsen harbored animus toward Ms. Mekonnen on account of her religion, Plaintiff's claim that Mr. Abdelmohsen "had been tolerated from disciplinary action by Muhammad Kahn because he was a Muslim as Muhammed Kahn himself was also a Muslim," Compl. at 6, states no adverse action against Plaintiff, let alone one motivated by religious animus.

(c)     Sex-Based Discrimination

Plaintiff does not sufficiently allege facts to support a claim for discrimination based on sex. In pleading her cause of action for sex-based discrimination, Plaintiff only alleges that her employer treated male employees more favorably by not taking action against them when they violated the company's rules and that her replacement was male. Whether or not Plaintiff is referring to her allegation that she was treated differently than Mr. Abdelmohsen or insinuating that male employees were not terminated for committing the same errors that she allegedly committed which lead to her termination, Plaintiff does not allege facts suggesting that her alleged disparate treatment was <u>based on</u> her sex. Accordingly, this claim must fail.

(d)     Retaliation

Plaintiff's retaliation claim fails because she has not pled that she was retaliated against

---

[3] Although Plaintiff states that she is Christian in her opposition, <u>see</u> Pl. Opp. at 9, when considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "the district court may properly consider only facts and documents that are part of or incorporated into the complaint; if matters outside the pleadings are considered, the motion must be decided under the more stringent standards applicable to a Rule 56 motion for summary judgment." <u>Trans-Spec Truck Serv., Inc.</u>, 524 F.3d at 321.

for engaging in protected conduct. "To make out [a] prima facie case [of retaliation], [Plaintiff] [must] show that [s]he engaged in protected conduct, that [s]he suffered some adverse action, and that a causal connection existed between the protected conduct and the adverse action. Mole v. Univ. of Massachusetts, 442 Mass. 582, 591–92 (Mass. 2004) (quotations marks and citation omitted). Here, Plaintiff claims that she was terminated "for my threatening the Manager that I will take the company to court of law if I am terminated on ground of falsehood." Compl., 6. This claim, however, is not based on her engaging in protected conduct, and, without more, does not allege that Defendant retaliated against Plaintiff for her threatening to sue the company for reasons relating to discrimination. Thus, because the conduct alleged by Plaintiff does not qualify as protected conduct under Mass. Gen. Laws ch. 151B, this claim must be dismissed.

      4.      *Leave to Amend*

After considering that the complaint alleges that Plaintiff is a member of several protected classes and that she has alleged facts suggesting that the reasons given for her termination were pretextual, and Plaintiff's pro se status, the court finds that the interests of justice and fairness require giving Plaintiff the opportunity to amend her complaint.

If Plaintiff amends her complaint, however, her obligation under Federal Rule of Civil Procedure 8 to provide the grounds of her entitlement to relief "requires more than labels and conclusions"; it requires her to plead facts that raise a right to relief above the speculative level. Twombly, 550 U.S. at 55. Moreover, any amended complaint must be filed in accordance with Federal Rule of Civil Procedure 11, which requires in relevant part that the pleading "must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented," and that by so presenting the pleading to the court,

> [the] attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the

circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and]
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

Fed. R. Civ. P. 11(b)(1)-(3).

Finally, in light of Ms. Mekonnen's filing in which she did not dispute that she required an interpreter, the amended complaint and any other documents requiring a Rule 11 certification by Ms. Mekonnen shall include a further certification, signed by both Ms. Mekonnen and an interpreter, that the papers so certified have first been read to Ms. Mekonnen in her native language.

D.  Conclusion

For the foregoing reasons, Plaintiff's claims are dismissed without prejudice. Plaintiff shall have two weeks to amend her complaint in accordance with this order.

IT IS SO ORDERED.

October 10, 2014                    /s/ Indira Talwani
                                    United States District Judge